**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4260**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN LUTHOR ROBINSON, a/k/a KK,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:12-cr-00227-1)

Submitted: September 30, 2013      Decided: October 4, 2013

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Michael Frazier, FRAZIER & OXLEY, L.C., Huntington, West Virginia, for Appellant.   R. Booth Goodwin II, United States Attorney, Joseph F. Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Luthor Robinson pled guilty pursuant to a plea agreement to conspiracy to distribute a quantity of heroin and twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006).[*] The district court calculated Robinson's Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") (2012) at 108 to 135 months' imprisonment and sentenced him to 135 months' imprisonment. Robinson appeals, challenging the district court's drug quantity determination and its application of the two-level enhancement under USSG § 3B1.1(c) for his aggravating role in the offense. We affirm.

We review Robinson's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range. Id.

Robinson argues first that the district erred in its calculation of the drug quantity it attributed to him.

---

[*] Robinson originally proceeded to a trial on a third superseding indictment charging him with multiple heroin and cocaine base offenses but pled guilty on the third day of trial.

We review the district court's drug quantity finding underlying its calculation of the base offense level for clear error. United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). This deferential standard of review requires reversal only if this court, upon review of the record as a whole, "is left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (internal quotation marks omitted).

After review of the record, we conclude that the district court's determination that a marijuana equivalency of at least 700 but less than 1000 kilograms is supported by Robinson's admissions at the guilty plea hearing and testimony and evidence adduced at Robinson's trial and sentencing that the district court credited. We thus discern no clear error in the district court's drug quantity calculation. See USSG § 1B1.3(a)(2) (stating that a district court must consider "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction" in calculating relevant conduct); Kellam, 568 F.3d at 147 (noting that the district court's drug quantity finding must be supported by a preponderance of the evidence and concluding that testimony received at trial and sentencing supported the court's finding); United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999) (explaining that a defendant bears the burden of

establishing that information the district court relied on in calculating the relevant drug quantity is incorrect); see also United States v. Lamarr, 75 F.3d 964, 972-73 (4th Cir. 1996) (concluding that approximation of drug quantity for sentencing not clearly erroneous if supported by competent record evidence).

Robinson also challenges the district court's application of the two-level enhancement for his aggravating role in the offense. Section 3B1.1 of the Guidelines "provides a range of adjustments to increase [a defendant's] offense level based upon the size of a criminal organization . . . and the degree to which the defendant was responsible for committing the offense." USSG § 3B1.1, cmt. background. Under USSG § 3B1.1(c), a defendant qualifies for a two-level enhancement to his offense level if he was "an organizer, leader, manager, or supervisor in any criminal activity." Application of the enhancement is proper when the defendant exercises leadership over only one participant, as long as some control is exercised. United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003).

We conclude after review of the record that the district court's application of the two-level enhancement under USSG § 3B1.1(c) is amply supported by trial testimony the district court credited establishing that Robinson exercised control over other participants in the conspiracy by directing

the terms of their drug sales, arranging the logistics of drug delivery, and advising one co-conspirator on methods for obtaining materials to convert cocaine into cocaine base. Accordingly, we discern no clear error in the district court's application of the enhancement.  See Kellam, 568 F.3d at 147-48 (stating standard of review and affirming application of enhancement under USSG § 3B1.1(b) where defendant controlled the drug buys of co-conspirators and directed the terms of payment); United States v. Bartley, 230 F.3d 667, 673-74 (4th Cir. 2000) (affirming application of § 3B1.1(b) enhancement where the defendant directed the activities of street-level drug dealers and advised them on drug sales techniques, set prices and payment terms, arranged logistics of delivery, and directed the mailing and transport of drugs).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED